**Barbara COCHRAN, et al.,**
**Respondents,**

v.

**ROYAL OLDSMOBILE**
**COMPANY, Appellant.**

No. C6–85–1527.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Frank T. Mabley, Roseville, for respondents.

S. Mark Vaught, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Royal Oldsmobile appeals from a judgment awarding respondents treble damages and excess repair costs, plus attorney's fees and costs, for violation of the state and federal odometer tampering laws and for breach of warranty. We affirm as modified.

## FACTS

In January 1982, Royal Olds purchased a 1981 Cutlass Supreme from a third party and received an odometer statement listing the mileage as 18,381 miles. Five days later, Barbara Cochran and Dianna Schultz purchased the car from Royal Olds. Cochran and Schultz testified that the salesperson told them that the dealership had checked out the car. The salesperson greatly emphasized the car's low mileage. When asked about the availability of the original 5 year/50,000 mile warranty, the salesperson left the room to check and then returned saying that everything was good. Royal Olds provided Cochran and Schultz with an odometer statement certifying the actual mileage as 18,385 miles. Royal Olds also sold them an additional warranty which respondents understood was to cover the automobile for 2 years/20,000 miles after the original warranty period expired.

Cochran and Schultz had immediate and continuous performance problems with the car. Often the car would not start or would stop in the middle of the highway. The starter was replaced several times, as were two batteries. The front end had severe vibration problems and required very frequent realignment. Eight new tires were purchased. The head gaskets were replaced. A water separator was installed to help the car run more smoothly. The electrical system malfunctioned. Rust was found in the fuel bowl. There were other problems and malfunctions.

In November 1982, after becoming dissatisfied with Royal Olds' work, respondents took the car to Lindahl Olds for repairs. After a computer check, Lindahl Olds informed them that the repairs were not covered by the 5 year/50,000 mile warranty. Cochran then telephoned General Motors, gave them the serial number of the car, and after a few minutes was told that the 50,000 mile warranty was up several months before she purchased the automobile.

Cochran and Schultz returned to Royal Olds and confronted its general manager, Rick Kline. Respondents wanted to return or exchange the car because of the high mileage. Kline refused to do anything more than refund the price of the additional 2 year/20,000 mile warranty.

In February 1983, respondents sued both Royal Olds and the third party who sold the car to Royal Olds. Respondents alleged violation of Minnesota and federal odometer statutes, breach of warranty, breach of contract, and common law fraud. A default judgment was obtained against the third party. By special verdict, the jury found that Royal Olds sold the car with knowledge of the odometer alteration, that Royal Olds breached its express warranties, and that Royal Olds made false

representations regarding the sales transaction.

## ISSUES

1. Is there sufficient evidence to support the jury's finding that Royal Olds had knowledge that the odometer had been altered?

2. Did the trial court err in computing damages?

## ANALYSIS

1. Minnesota Statutes section 325E.14, subdivision 4 (1984) provides:

No person shall sell or offer for sale any motor vehicle with knowledge that the mileage registered on the odometer has been altered so as to reflect a lower mileage than has actually been driven by the motor vehicle without disclosing such fact to prospective purchasers.

When no objection is made to the trial court's jury instructions and no motion is made for a new trial, the jury instructions are the law of the case and are not reviewable. *Peppin v. W.H. Brady Co.*, 372 N.W.2d 369, 376 (Minn.Ct.App.1985). Royal Olds raised no objection to the jury instructions and did not move for a new trial. Thus, we do not review the jury instructions and only determine whether the evidence is sufficient to support the findings made by the jury.

The trial court instructed the jury:

You may find constructive knowledge on the part of the dealer as to that erroneous odometer reading if that dealer was on notice that the statement might be incorrect, and if the dealer fails to investigate, but the dealer is not required to exercise every conceivable precaution. Mere negligence on the part of the dealer, in failing to investigate and determine whether the odometer had been altered, would not constitute a violation of the statutes.

You are also instructed that when it has been proven that the odometer reading was false, the burden then rests upon the defendant, Royal Oldsmobile, the dealer in this case, to provide an adequate explanation of why the erroneous odometer was not discovered by any of their employees.

The jury found by special verdict that Royal Olds sold the automobile to respondents with knowledge that the mileage had been altered. There is sufficient evidence to support that finding.

Royal Olds acted with complete disregard for the truth. The Royal Olds salesperson represented to respondents that the car had been mechanically checked over. Yet the general manager of Royal Olds testified that the policy of the dealership was not to check over used cars. A diesel mechanic testified that any competent mechanic could easily tell the difference between a car with 18,000 miles and one with 60,000 miles.

The salesperson also represented that the car was still covered by the original 5 year/50,000 mile warranty. Yet respondents, with a quick call to General Motors, found out that the original warranty mileage had been exceeded long before they purchased the car.

As correctly noted by the trial court, Royal Olds owed a duty to respondents. A relation of expert reliance existed. Statements of low mileage were made to induce the sale. Knowledge of the mileage alteration was within the special province of the dealer. As noted by the Fifth Circuit in discussing the narrower federal odometer statute:

A transferor may not close his eyes to the truth. If a transferor reasonably should have known that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence.

*Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir.1978) (footnote omitted). The Senate Report accompanying the federal statute

suggests that auto dealers should adopt business practices reasonably calculated to uncover incorrect odometer readings. *Id.* n. 3.

2. Minnesota Statutes section 325E.16, subdivision 3 (1984) provides that:

Any person injured by a violation of sections 325E.13 to 325E.16 shall recover the actual damages sustained together with costs and disbursements, including a reasonable attorney's fee, provided that the court in its discretion may increase the award of damages to an amount not to exceed three times the actual damages sustained or $1,500, whichever is greater.

The jury found that on the date of purchase the difference between the actual market value of the car and its purchase price was $5,000. Under the statute, the trial court correctly trebled this amount. The jury also found that the value of repairs in excess of what reasonably could have been expected if the mileage was what it was represented to be was $1,622.45. This amount was properly awarded under the breach of warranty theory, and the trial court was correct in not trebling it. The jury also found that the value of respondents' use of the automobile was $6,000. There is no provision in the Minnesota odometer statute for a deduction for the use of the automobile. The statute is only concerned with the damages which occur at the time of sale. Thus, the trial court erred in deducting $6,000 from the total award. The trial court also correctly awarded $3,655 in attorney's fees and costs.

### DECISION

1. The evidence is sufficient to support the jury's finding that Royal Olds had knowledge that respondents' odometer had been altered.

2. Judgment is granted in favor of respondents in the amount of $20,777.45.

Affirmed as modified.